UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-cv-21077

JANET BOUE,

    Plaintiff,

v.

FIRSTSOURCE ADVANTAGE, LLC,

    Defendant.

_____/

# COMPLAINT
# JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"),

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

## PARTIES

3. Plaintiff, JANET BOUE, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, FIRSTSOURCE ADVANTAGE, LLC, is a corporation organized under the laws of the State of New York. Its principal place of business at 205 Bryant Woods S., Amherst, NY 14228

5. Defendant is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is CT Corporation System, 1200 S. Pine Island Rd., Plantation, Florida 33324.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt for an American Express credit card.

10. On or about October 17, 2016, Boue's legal counsel, Neema R. Desai, sent a letter of representation. Attorney Desai continues to represent Boue in the negotiation of the American Express credit card debt.

11. Attorney Desai negotiated a settlement of the American Express debt.

12. The first settlement payment was made by Plaintiff.

13. Defendant is an agent, representative, or employee of American Express.

14. Subsequent to Attorney Desai's representation letter, Defendant sent a letter directly to Plaintiff acknowledging the first settlement payment.  A copy of the letter from Defendant to Plaintiff is attached as Exhibit "B."

15. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

16. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

17. No court had authorized Defendant's direct communication with Plaintiff.

18. At the time Defendant sent its letter to Plaintiff, Defendant knew the FDCPA and the FCCPA prohibited it from communicating directly with Plaintiff.

19. If Defendant continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail herself of the representation of his counsel.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

20. Plaintiff incorporates Paragraphs 1 through 19.

21. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72(18)

22. Plaintiff incorporates Paragraphs 1 through 19.

23. Defendant is a "creditor" as defined by the Florida Consumer Collection Practices Act, Fla. Stat. §559.72, et seq.

24. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

25. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit;

c. declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

d. permanently injoining Defendant from direct communication with Plaintiff; and

e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> Debt Rescue Clinic
> Attorney for Plaintiff
> 9990 S.W. 77 Ave., PH14
> Miami, FL 33156
> Tel:   305-776-1805
> service@debtrescueclinic.com
> service@jdllawpa.com
>
>   /s/ Joel D. Lucoff
> Joel D. Lucoff
> Fla. Bar No. 192163